# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENO EUGENE WOODIS, | CASE NO. 1:12-cv-01091-LJO-MJS (PC) |
| Plaintiff, | ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| v. | (ECF No. 9) |
| PAM OLIVE, et al., | AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |
| Defendants. | |

## SCREENING ORDER

**I.  PROCEDURAL HISTORY**

On June 20, 2012, Plaintiff Deno Eugene Woodis, a civil detainee proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.)

On November 30, 2012, Plaintiff's Complaint was screened and dismissed, with leave to amend, for failure to state a cognizable claim. (ECF No. 8.) Plaintiff's First Amended Complaint (ECF No. 9) is now before the Court for screening.

**II.  SCREENING REQUIREMENT**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of the

1

Complaint for sufficiency to state a claim. The Court must dismiss a complaint or portion thereof if it determines that the action has raised claims that are legally "frivolous or malicious," "fails to state a claim upon which relief may be granted," or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

### III.     SUMMARY OF FIRST AMENDED COMPLAINT

The First Amended Complaint names the following individuals as Defendants: (1) Pam Ahlin, past Acting Director; (2) Andre King, present Acting Director; and (3) Kathy Gaither, Acting Director in Sacramento.

Plaintiff's allegations are brief and fragmented. From what the Court can determine, Plaintiff alleges the following:

Christopher Ridge did not take his medication and was hearing voices. The Psych Tech failed to take measures to protect Plaintiff. Ridge physically attacked Plaintiff. Plaintiff was hurt. Defendant Ahlin was the Acting Director at the time and did not investigate the incident. Defendants Gaither and King "are being held due to my rights was violated." (Compl. at 2.)

2

## IV. ANALYSIS

### A. Section 1983

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, the complaint or amended complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

The First Amended Complaint suggests Plaintiff was attacked by Christopher Ridge,

apparently a fellow detainee who had a poorly controlled psychiatric disorder. It may be surmised that Plaintiff feels the standing Psych Tech, presumably an employee at Coalinga State Hospital, was responsible for treating or supervising Ridge but instead ignored him and/or otherwise failed to protect Plaintiff from him. Defendant Ahlin failed to investigate the incident. Allegations against the remaining Defendants, Gaither and King, are incomprehensible.

The amended complaint does not identify a cognizable claim. The Court previously notified Plaintiff that such sweeping conclusory allegations would not suffice. Plaintiff was instructed to provide a detailed factual description of the events at issue, how his rights were violated, and how named Defendants were responsible. Plaintiff was advised as to the minimum pleading requirements necessary to state a claim and given an opportunity to comply with those standards.

The Court will provide Plaintiff one final opportunity to amend. The following section of this order includes legal standards that may be applicable to Plaintiff's claim.

### B. Failure to Protect

Civilly detained persons must be afforded "more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish," and are thus entitled to protection under the Fourteenth Amendment. Youngberg v. Romeo, 457 U.S. 307, 322 (1982); Jones v. Blanas, 393 F.3d 918, 931 (9th Cir. 2004). The Due Process clause guarantees civil detainees the right to be protected and confined in a safe institution. See Youngberg, 457 U.S. at 319–22 (finding that involuntarily committed individuals have constitutionally protected rights under Due Process Clause to reasonably safe conditions of confinement and freedom from unreasonable

4

bodily restraint). Due process requires that civil detainees receive care that is professionally acceptable. Id. at 321. "Liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." Id. at 323.

To state a cognizable claim, Plaintiff must allege facts showing that the above criteria has been met as to one or more Defendant.

## VI. CONCLUSION AND ORDER

Plaintiff's First Amended Complaint does not state a claim for relief under section 1983. The Court will grant Plaintiff one final opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an

5

amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his First Amended Complaint, filed January 2, 2013;

2. Plaintiff's First Amended Complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated:   January 31, 2013         /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE