UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENO EUGENE WOODIS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PAM OLIVE, et al.,<br><br>　　　　Defendants. | Case No.: 1:12-cv-1091-LJO-MJS (PC)<br><br>FINDINGS AND RECOMMENDATIONS FOR DISMISSAL OF PLAINTIFF'S ACTION FOR FAILURE TO PROSECUTE<br><br>(ECF No. 11)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

　　　　Plaintiff Deno Eugene Woodis ("Plaintiff") is a civil detainee proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　The Court, on March 19, 2013, ordered Plaintiff to either file an amended complaint or show cause why his case should not be dismissed for failure to comply with a court order and failure to state claim. (ECF No. 11.) Plaintiff failed to do either or otherwise respond.

　　　　On April 3, 2013, the Court's order to show cause was returned by the United States Postal Service as undeliverable to Plaintiff. Over 63 days have passed and Plaintiff has not

provided the Court with a new address or otherwise responded.

Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the Court apprised of his or her current address at all times. Local Rule 183(b) provides, in pertinent part:

> If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

In the instant case, over 63 days have passed since Plaintiff's mail was returned, and he has not notified the Court of a current address.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

cases on their merits; and (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 21 779 F.2d at 1424.  The Court's order expressly stated: "Failure to meet this deadline will result in dismissal of this action." (ECF No. 11.)  Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's Order.

Based on the foregoing, pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), the Court RECOMMENDS that this action be HEREBY DISMISSED, with prejudice, based on Plaintiff's failure to state a claim upon which relief may be granted under § 1983 and failure to obey the Court's March 19, 2012, order (ECF No. 11).  This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).  Silva v. Vittorio, 658 F.3d 1090, 1098-1099 (9th Cir. 2011).

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the

///

1  right to appeal the District Court's order.  <u>Martinez v. Y1 st</u>, 951 F.2d 1153 (9th Cir. 1991).

7  IT IS SO ORDERED.

8  
9  Dated:   June 20, 2013               /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE