# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENO EUGENE WOODIS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>PAM OLIVE, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO.　1:12-cv-01091-LJO-MJS (PC)<br><br>ORDER RECOMMENDING DISMISSAL WITH PREJUDICE<br><br>(ECF No. 13)<br><br>PLAINTIFF'S OBJECTIONS, IF ANY, DUE IN THIRTY (30) DAYS |

### SCREENING ORDER

**I.　PROCEDURAL HISTORY**

On June 20, 2012, Plaintiff Deno Eugene Woodis, a civil detainee proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff's Complaint and First Amended Complaint (ECF No. 9) were screened and dismissed, with leave to amend, on November 30, 2012 and February 1, 2013, respectively, for failure to state cognizable claims. (ECF Nos. 8, 10.) Plaintiff's Second Amended Complaint (ECF No. 13) is now before the Court for screening.

## II. SCREENING REQUIREMENT

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of the Complaint for sufficiency to state a claim. The Court must dismiss a complaint or portion thereof if it determines that the action has raised claims that are legally "frivolous or malicious," "fails to state a claim upon which relief may be granted," or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## III. SUMMARY OF SECOND AMENDED COMPLAINT

The Second Amended Complaint names Andre King and other unspecified personnel at Coalinga State Hospital as Defendants. Plaintiff's allegations are brief, fragmented, and at times illegible. From what the Court can determine, Plaintiff alleges that he is being confined illegally. He seeks money damages and release from custody. (Compl. at 3.)

## IV. ANALYSIS

To state a claim under Section 1983, a plaintiff must allege two essential elements:

(1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, the complaint or amended complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

The amended complaint vaguely alleges that Plaintiff is being held at Coalinga illegally. No factual summary of the events underlying Plaintiff's claim is provided in the complaint. As pled, it does not reflect a cognizable claim.

The Court has twice previously notified Plaintiff that to state a claim he must first provide a basic description of what happened to him that gives rise to his complaint. He

3

was specifically instructed that merely alleging confinement against his will was not sufficient to state a claim.[1]

Plaintiff, having been made aware of the minimum pleading requirements necessary to state a claim, has failed to successfully amend. No purpose would be served in once again advising Plaintiff of the necessary elements to a proper pleading and giving him yet another chance to amend. Further leave to amend should be denied.

## V.     CONCLUSION AND RECOMMENDATION

Plaintiff's Second Amended Complaint does not state a cognizable claim against the named Defendants. Accordingly, it is HEREBY RECOMMENDED that this action be dismissed with prejudice for failure to state a claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file

////

///

---

[1] If Plaintiff wishes to challenge "the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 487. Heck applies to civil detainees with access to habeas relief. Huftile v. Miccio–Fonseca, 410 F.3d 1136, 1139–40 (9th Cir. 2005).

objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:	September 26, 2013		/s/ *Michael J. Seng*
					UNITED STATES MAGISTRATE JUDGE